DocuSign Envelope ID: 1E89EB41-7947-4526-B22C-CA09A32C5491

HON. STANLEY A. BASTIAN

Roberta L. Steele, Regional Attorney
U.S. Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Ave, 5th Floor West
P.O. Box 36025
San Francisco, CA 94102

Damien Lee, Supervisory Trial Attorney
May Che, Senior Trial Attorney
Clive Pontusson, Trial Attorney
U.S. Equal Employment Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA  98104
may.che@eeoc.gov
Tel: (206) 576-3011
clive.pontusson@eeoc.gov
Tel: (206) 576-3042

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>AIR CONTROL HEATING & AIR CONDITIONING, INC. d/b/a AIR CONTROL HEATING & ELECTRIC, INC.<br><br>Defendant. | CIVIL ACTION NO.  2:21-cv-00347-SAB<br><br><br>**[PROPOSED] CONSENT DECREE** |

**EEOC v. Air Control Heating & Air Conditioning**
**2:21-cv-00347-SAB**
**[PROPOSED] CONSENT DECREE**
**Page 1 of 25**
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

DocuSign Envelope ID: 1E89EB41-7947-4526-B22C-CA09A22C5491

# I.    **INTRODUCTION**

1. Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this lawsuit on December 14, 2021 against Defendant Air Control Heating & Air Conditioning ("Air Control" or "Defendant") alleging violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. The EEOC alleged that Defendant deprived two former employees who filed Charge Numbers 551-2019-00924 and 551-2020-02709 with the EEOC ("Charging Parties") and a class of similarly aggrieved employees ("Claimants") of equal employment opportunities by subjecting them to unlawful sexual harassment, including a hostile work environment, based on their sex, female, and subjected the Charging Party who filed Charge 551-2020-02709 to constructive discharge.

2. The parties want to conclude fully and finally all claims arising out of the EEOC's Complaint and Charge Numbers 551-2019-00924 and 551-2020-02709.  The EEOC and Defendant enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in the Civil Rights Acts of 1964 and 1991.

# II.    **JURISDICTION AND VENUE**

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

DocuSign Envelope ID: 1E89EB41-7947-4526-B22C-CA09A22C5491

1337, 1343 and 1345.  This action is authorized and instituted pursuant to sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e et seq. ("Title VII") and section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. The Employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Washington.

## III.   SETTLEMENT SCOPE

5. This Consent Decree is intended to serve as, and is, the full, final, and complete resolution of any and all allegations or claims of unlawful employment practices that were contained in Charge Numbers 551-2019-00924, 551-2020-02709, in the EEOC's administrative determination for each charge, and in the EEOC's Complaint filed in this lawsuit, including any and all claims by the parties for attorney fees and costs.

6. This Decree applies to Air Control Heating & Air Conditioning d/b/a Air Control Heating and Electric, and its successors and assigns including any purchaser of all or a portion of its assets during the term of the Consent Decree.

7. This Consent Decree is binding on any individual, entity and/or successor

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 3 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

DocuSign Envelope ID: 1E89EB41-7947-4526-B22C-CA09A32C5491

after it acquires any ownership interest in any component of Defendant's operations.  Any purchase-sale agreement in whole or in part of Defendant's business or assets, assumption of control agreement or similar agreement that Defendant enters into with any successor shall comply with the terms of this Consent Decree.

8. During the duration of this Consent Decree, Defendant will provide prior written notice to any potential or actual purchaser of their business(es), or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, of the EEOC's Complaint, the allegations raised in the EEOC's Complaint, and the existence and contents of this Consent Decree.

9. Defendant shall provide written notice to EEOC within ten (10) business days after the purchase-sale date of Defendant's business, the purchase-sale date of all or a portion of Defendant's asserts, or the execution date of an agreement providing for a third party to assume control over the operation or management of Defendant's business in whole or in part. On EEOC's request, Defendant shall provide within ten (10) business days all documentation supporting the purchase-sale agreement or assumption of control.  EEOC shall determine whether any business entity constitutes a legally bound successor ("successor entity") for purposes of Consent Decree compliance.  EEOC shall notify Defendant of its determination as to

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 4 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

successor entity status within thirty (30) business days of receipt of

documentation supporting the purchase-sale agreement or assumption of

control.

10. No waiver, modification or amendment of any provision of this Consent

Decree shall be effective unless made in writing and approved by the Parties

to this Decree, and any substantive change, modification or amendment of

any provision of this Consent Decree shall also require approval by the

Court.

## IV.    <u>MONETARY RELIEF</u>

11. Defendant shall pay the Charging Parties and Claimants a total gross amount

of three hundred fifty thousand dollars ($350,000) within ten (10) business

days of the entry date of this Consent Decree and receipt by Defendant of

W-9s. In addition, Defendant shall issue a paycheck in the gross amount of

eleven thousand dollars ($11,000) that is payable to one Charging Party.

Within three (3) days of the entry of this Consent Decree, the Commission

shall provide Defendant with an accounting of the specific amounts to be

paid to each Charging Party and Claimant indicating the reason for the

payment, i.e., lost wages or non-wage damages for emotional distress, along

with the address where each payment should be mailed. The payment to one

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 5 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

DocuSign Envelope ID: 1E89EB41-7947-4526-B22C-CA09A22C5491

Charging Party for wage damages shall be less standard tax withholdings. The non-wage payments to each Charging Party and Claimant shall not be reduced by any tax withholdings.  Defendant will issue an IRS form W-2 for the wage payment and an IRS form 1099-MISC for the non-wage payments. Defendant shall simultaneously transmit copies of the checks, together with an accounting of the employee deductions and employer contributions made and tracking information for the delivery of the checks to: *EEOC-SEFO_COMPLIANCE@eeoc.gov* and *SEFO-AIRCONTROL@eeoc.gov*.

12. Defendant will not condition the receipt of monetary relief on the Charging Parties' or any Claimant's agreement to (a) maintain as confidential the facts and/or allegations underlying their claim and the Complaint and the terms of this Decree; (b) waive her statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job with Defendants; or (d) a non-disparagement and/or confidentiality agreement.

## V.    INJUNCTIVE AND OTHER RELIEF

A. GENERAL PROVISIONS

13. Defendant, including Maxim Johnston, its owners, officers, agents, managers, supervisors, and all human resource professionals are enjoined from engaging in practices which constitute harassment based on any

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 6 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

employee's sex (female).

14. In recognition of its obligations under Title VII, Defendant shall institute the policies and practices described below.

B. <u>INDEPENDENT CONSULTANT</u>

15. Within thirty (30) days of the entry date of this Consent Decree, Defendant shall retain a third-party independent consultant ("Consultant") with expertise and experience in employment discrimination, including sex harassment, under Title VII of the Civil Rights Act and related employment policies and practices, and workplace investigations.  A Consultant must be retained for the entire duration of the Consent Decree.  Ten (10) days prior to the retention of any Consultant, Defendant shall provide materials related to the Consultant's qualifications, experience and expertise, particularly as they relate to and are consistent with advancing the purpose and requirements of the Consent Decree, to the EEOC for review and comment. Within five (5) days of receipt, the EEOC will advise the Defendant of any comments.  The Defendant shall bear all costs of retaining the Consultant to perform the duties required by this Consent Decree.

16. The Consultant will maintain a dedicated phone number and email address for Air Control employees to submit complaints of discrimination based on sex, including sexual harassment and hostile work environment, and

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 7 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

DocuSign Envelope ID: 1E89EB41-7947-4526-B22C-CA09A32C5491

retaliation, directly to the Consultant.  If Defendant receives such a complaint, Defendant will notify the Consultant within twenty-four (24) hours of its receipt of the complaint.

17. Defendant will ensure that the Consultant performs the following duties over the duration of the Consent Decree:

    a.  Assist with the development and implementation of anti-discrimination policies and procedures that prohibit discrimination, including sexual harassment, and retaliation as described in Paragraphs 20-25;

    b.  Receive and  independently and confidentially investigate any complaint of discrimination, sexual harassment and/or retaliation in accordance with the provisions of Paragraph 23;

    c.  Determine appropriate disciplinary or corrective action to resolve a complaint of discrimination, sexual harassment or retaliation;

    d.  Maintain detailed written records of all complaints of discrimination, sexual harassment and retaliation, the investigation of such complaints, and the resolution of such complaints;

    e.  Follow up with each complainant during the investigation and within sixty (60) days after the conclusion of the investigation and inquire whether the complainant has been subjected to retaliation and

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 8 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

investigate if the complainant claims retaliation;

f.   Determine the remedial action to be upon substantiating a complaint of discrimination, sexual harassment and retaliation, which Defendant will follow; and

g.   Provide a report to the EEOC within twenty-one (21) days of completion of the investigation of a complaint. The report shall include the following written records: the complaint, the investigation of the complaint, the findings of the complaint, the remedial action, if any, and confirmation that Defendant complied with the Consultant's directive.

18. The Consultant will send quarterly emails to all Defendant employees identifying themselves as the independent Consultant, explaining the Consultant's role pursuant to this Consent Decree, and advising that the Consultant is available to respond to any complaints of discrimination based on sex, including sexual harassment and hostile work environment, and retaliation.  The Consultant will provide in the email to employees the Consultant's contact information and a copy of Defendant's sexual harassment and retaliation policy.

19. Defendant shall ensure that the Consultant will have access to all records, documents, data and other sources of information, including the ability to

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 9 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

interview Defendant's personnel, which the Consultant deems necessary or appropriate to perform the duties required by the Consent Decree.

C. ANTI-DISCRIMINATION POLICIES AND PROCEDURES

20. Within ninety (90) days from the date of entry of this Consent Decree and for its duration, Defendant shall develop, with the assistance of the Consultant, and implement anti-discrimination policies and procedures that prohibit discrimination, including sexual harassment, and retaliation, explain to employees their rights and responsibilities under the EEO laws, and is subject to periodic updating to reflect changes in anti-discrimination laws. The policies will state that they are promulgated at the direction of and with the endorsement by the highest level of the company. These policies and procedures shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation. Within fifteen (15) days of receipt, the EEOC will advise the Defendant of any comments.

21. Defendant's anti-discrimination policies shall contain specific provisions prohibiting sexual harassment and retaliation. The harassment section of the policies will provide a definition of sexual harassment and must include statements that: (1) employees have the right to be free from harassing behavior while at work, including inappropriate behavior from the officers and owners of the company, and (2) retaliation against persons who make

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 10 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

complaints of discrimination or participate or act as witnesses in

investigations of discrimination complaints is strictly prohibited.

22. The policies against discrimination and harassment shall include, at a

minimum, the following provisions:

    a.  A strong and clear commitment to a workplace free of sexual

        harassment and retaliation with statements prohibiting sex harassment

        and retaliation;

    b.  Clear and comprehensive description of sexual harassment (both quid

        pro quo and hostile work environment) and retaliation, with examples

        specific to Defendant's workplace and industry;

    c.  A statement encouraging employees to come forward if they believe

        they have been harassed or retaliated against for complaining about

        discrimination or harassment;

    d.  A description of the possible consequences up to and including

        termination that will be imposed for violation of the policy against

        sexual harassment and retaliation;

    e.  A clearly described complaint process that provides accessible and

        confidential avenues of complaint with the contact information,

        including name, address, and telephone number of persons both

        internal at Defendant and external (Consultant and EEOC) to whom

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

DocuSign Envelope ID: 1F80EB44-7947-4528-B32C-CA09A22CE491

employees can report sexual harassment and retaliation;

f.   A statement that Defendant shall notify the Consultant within twenty-four (24) hours about any complaint of sexual harassment or retaliation it receives, as well as any incidents of sexual harassment or retaliation Defendant observes or becomes aware of;

g.   A statement that the Consultant shall have the sole responsibility of investigating and responding to the complaints;

h.   A statement that Defendant shall be bound by the Consultant's determinations regarding complaints of sexual harassment and retaliation and the remedial action to be taken when a complaint is substantiated;

i.   A statement that employees may also bring their complaints directly to the EEOC and identify the EEOC's website address, telephone number, and email address;

j.   A statement of commitment, that to the maximum extent feasible, confidentiality of the person bringing complaints about sexual harassment and retaliation will be maintained;

k.   A statement that Defendant's sexual harassment and retaliation policies apply to all persons, including owners, directors, management officials, supervisors, vendors, suppliers, third parties, and customers;

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 12 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

DocuSign Envelope ID: 1F80EB44-7947-4528-B32C-GA09A23C5491

l.   Assurance that Defendant will take immediate and appropriate corrective action as determined by the Consultant when a complaint of harassment or retaliation has been substantiated; and

m.   Assurance that Defendant's disciplinary policies hold all employees, including, owners, directors, management officials, and supervisors accountable for engaging in conduct prohibited by its policies and procedures or failing to take appropriate action required by this Consent Decree.

23. Defendant's anti-discrimination and anti-retaliation policies shall also include an investigation procedure to ensure fair and competent investigations of complaints of discrimination.  The procedures shall, at a minimum, include requirements that: (a) all reports and complaints of discrimination will be investigated; (b) Defendant will advise the Consultant about complaints no later than 24 hours after receipt; (c) Air Control employees are encouraged to make complaints directly to the Consultant; (d) investigations will be conducted by the Consultant; (e) the investigation of a complaint will begin no later than two (2) business days after its receipt by the Consultant and be completed within fifteen (15) business days, unless extenuating circumstances warrant otherwise; (f) Defendant will follow the Consultant's decisions about remedial action to be taken upon substantiation

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 13 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

DocuSign Envelope ID: 1F80EB44-7947-4528-B32C-GA09A22CF491

of a complaint; (g) to the maximum extent feasible, confidentiality for the person bringing complaints about sexual harassment and retaliation will be maintained; (h) the findings and corrective action be memorialized in a written report including, at a minimum, the allegations of the complaint, the identities of all named witnesses, all witness statements, a summary of documentary evidence, an explanation of investigative findings and a description of corrective action taken, if any; and (i) the results of each investigation, including a general description of the remedial actions taken or proposed, if any, be communicated to the complainant within five (5) business days after the conclusion of the investigation.

24. Within ninety (90)  days from the date of entry of this Consent Decree, Defendant shall distribute a copy of its anti-discrimination policies either in paper or electronic form to all employees and shall make the policies readily accessible electronically and physically onsite for all employees for review. These policies will also be distributed within ten (10) days to every employee hired or re-hired during the duration of this Decree.

25. Defendant shall state their commitment as an Equal Opportunity Employer by including the following text on all application materials, including paper and online versions, highlighted in bold text no smaller than 12-point font: "Discrimination in all forms, including sexual harassment, is unacceptable.

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 14 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

We are committed to a workplace free from discrimination and retaliation." The application also will contain the contact information for the Consultant who will be charged with receiving, investigating and responding to complaints of discrimination.

D. EQUAL EMPLOYMENT OPPORTUNITY TRAINING

26. Not later than sixty (60) days after entry of this Consent Decree, Defendants shall ensure that Maxim Johnston attends one-on-one training sessions amounting to no less than eight (8) hours concerning sexual harassment and retaliation.  The training shall be live, interactive instruction and can be conducted either in-person or through an online communication tool or platform.  Training content shall focus on sexual harassment accountability and power dynamics in the workplace with an emphasis on workplace culture, dignity, and respect for all employees.  The training shall incorporate concepts described in the EEOC June 2016 Report of the Select Task Force on the Study of Harassment in the Workplace and as described in Paragraphs 22-23.  The training shall emphasize employer best practices for responding to employee complaints of sexual harassment and retaliation or employer observations of such conduct in the workplace.  These training sessions shall be developed and conducted by a third party with experience training individuals accused of sexual harassment or retaliation stemming

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 15 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

from complaining about sexual harassment. The identification of the trainer and any training materials must be submitted to the EEOC for review and comment no later than twenty-one (21) days prior to the first training session.  Within fifteen (15) days of receipt, the EEOC will advise Defendant of any comments. Defendant shall pay the cost of these training sessions.  Defendant shall certify to the EEOC that Mr. Johnston received eight (8) hours of training/counseling required by this paragraph within seven (7) days of completion of the training.

27. Not later than one hundred twenty (120) days after entry of this Consent Decree and annually thereafter for the length of the Consent Decree, Defendant shall provide in-person interactive EEO training seminar to all its officers, directors, managers, supervisors, and human resource professionals. Maxim Johnston need not attend this initial training, although he shall be required to attend all annual trainings thereafter, and the individual training required by Paragraph 26.  These annual EEO trainings shall be no less than four (4) hours in duration, and include, at a minimum, an overview of Title VII with special emphasis on Defendant's EEO policies relating to sexual harassment and retaliation; Defendant's complaint and investigation procedures; the duty to notify the Consultant about any complaint of sexual harassment or retaliation it receives within 24 hours, as well as any incidents

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 16 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

of sexual harassment or retaliation these officers, directors, managers, supervisors, and human resource professionals  observe or become aware of; and that retaliation against an employee or applicant who reports harassment or discrimination is prohibited.  Training content shall include focus on sexual harassment accountability and power dynamics in the workplace with an emphasis on workplace culture, dignity, and respect for all employees. Training content shall incorporate concepts described in the EEOC June 2016 Report of the Select Task Force on the Study of Harassment in the Workplace and as described in Paragraphs 22-23.  The training shall emphasize employer best practices as identified in EEOC June 2016 Report of the Select Task Force on the Study of Harassment in the Workplace for responding to employee complaints of sexual harassment and retaliation or employer observations of such conduct in the workplace.  Thereafter, Defendant shall provide this training to all employees hired or promoted into the role of manager, supervisor or human resource professionals within thirty (30) days of assuming that position.

28. Not later than one-hundred and twenty (120) days after entry of this Consent Decree and annually thereafter, Defendant shall provide an in-person interactive EEO training seminar to all its employees who are not officers, directors, managers, supervisors, and human resource professionals.  These

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 17 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

DocuSign Envelope ID: 1F80EB44-7947-4528-B32C-CA09A22CF491

EEO trainings for all employees shall be no less than two (2) hours in duration, and include, at a minimum, an overview of Title VII with special emphasis on Defendant's EEO policies relating to sexual harassment and retaliation; Defendant's complaint and investigation procedures and contact information for the Title VII Consultant who will receive and investigate discrimination complaints, including sexual harassment, and retaliation; bystander intervention techniques when employees witness discrimination, harassment or retaliation occurring; that retaliation against an employee or applicant who reports harassment or discrimination is prohibited; and contact information for EEOC as a resource for inquiries and to report discrimination, harassment and retaliation.  In addition, after the first training, Defendant shall provide either in person or through an online–interactive module EEO training to new hires within ninety (90) days of the employee's hire date.

29. The trainings described in Paragraphs 27-28 shall be developed and conducted by a third party, which may be the Consultant, with established experience conducting anti- discrimination and anti-retaliation training and workplace investigations.  All training materials and identification of the trainer must be submitted to the EEOC for review and comment no later than thirty (30) days prior to holding the first training sessions.  Within fifteen

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 18 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

(15) days of receipt, the EEOC will advise Defendant of any comments. Defendant shall provide the trainings described in Paragraphs 27-28 at its own cost. EEOC reserves the right to attend any of the training sessions described in Paragraphs 26-28 upon request.

30. If Defendant modifies the EEO trainings identified in Paragraphs 27-28 during the duration of the Decree, Defendant shall submit to the EEOC for its review and comment the proposed modifications no later than thirty (30) days before adoption. Within fifteen (15) days of receipt, the EEOC will advise Defendants of any comments.

31. Defendant shall notify the EEOC of the completion of the annual training sessions described in Paragraphs 27-28 and shall specify the names and job titles of the individuals who participated in and completed the training. This information shall be provided as part of the annual reports Defendant submits to the EEOC.

E. **POLICIES DESIGNED TO PROMOTE ACCOUNTABILITY**

32. Within ninety (90) days from the date of entry of this Consent Decree and for its duration, Defendant shall adopt and implement policies and procedures that specifically advise all owners, officers, managers, supervisors, and human resource personnel of their duty to ensure compliance with its EEO anti-discrimination policies, including Title VII,

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 19 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

DocuSign Envelope ID: 1F80EB44-7947-4528-B32C-CA09A22CF491

and the prohibition against retaliation. Defendant shall impose discipline, up to and including termination of employment, upon any officer, supervisor, manager, hiring official, or human resources personnel, who it determines discriminates, harasses or retaliates against any applicant and/or employee. These policies and procedures shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation. Within fifteen (15) business days of receipt, the EEOC will advise the Defendant of any comments.

F. <u>NON-DISCLOSURE OF INFORMATION</u>

33. Defendant shall ensure that no charge, allegation of discrimination or reference to this lawsuit against Defendant, is included in the personnel records of the Charging Parties or the Claimants who are recovering settlement monies as provided in this Consent Decree. Defendant may retain this information, if any, in a file separate and apart from the personnel records. Defendant shall not disclose any information or refer to any charge of discrimination or this lawsuit in responding to requests for information about the Charging Parties or any of the Claimants. When fielding inquiries about the Charging Parties or any Claimant who is recovering settlement monies as provided in this Consent Decree, consistent with its standard practice, Defendant shall provide the dates of employment and positions

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 20 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

held.

G. <u>REPORTING</u>

34. Defendant and its successors shall report to the EEOC during the duration of this Consent Decree. The reporting period will run from the date of entry of this Consent Decree. The reports shall be in writing and submitted on a annual basis during the reporting period to: *EEOC-SEFO_COMPLIANCE@eeoc.gov* and *SEFO-AIRCONTROL@eeoc.gov*. These annual reports shall contain the following information and attachments:

   a. Certification that Defendant has:

      i. Continued to maintain its written policy and procedures and distributed copies of its policies as described in Paragraphs 20-25;

      ii. Complied with the Notice Posting requirement in Paragraph 36;

      iii. Complied with the training provisions enumerated in this Consent Decree, as provided in Paragraphs 26-31, and provided a list of all attendees, with job titles, for each training completed;

      iv. Continued to maintain written policies and procedures to promote accountability as required by Paragraph 32; and

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 21 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

DocuSign Envelope ID: 1F80EB44-7947-4528-B32C-CA09A22CE491

     v.  Complied with all other provisions of this Consent Decree.

b.  Copies of the following documents shall be included with each annual report:

     i.  A copy of the EEO policy and procedures maintained in accordance with the provisions of this Consent Decree;

     ii.  A copy of its current EEO policy and a list of any changes, modifications or revisions to its EEO policies and procedures, if any, which concern or affect the subjects of discrimination, harassment or retaliation;

     iii.  A summary report of the resolution of each internal formal or informal discrimination, harassment, or retaliation complaint made by employees or applicants, including:

          1.  Identification of all individuals involved, including their titles and work locations;

          2.  The particulars of the complaint;

          3.  A summary of the investigation conducted by the Consultant according to the provisions of Paragraph 23 above;

          4.  Investigation determination and any corrective action taken;

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

5.  Name(s) and title of individual(s) who received, investigated and or otherwise addressed and or took action based on the complaint; and

6.  The home address, home and cell phone numbers, and personal e-mail address for any complainants.

35. During the pendency of this Consent Decree, Defendant shall make a representative with knowledge available for audits upon request by EEOC to determine compliance with this Consent Decree.  EEOC shall provide notice of audit subject matter not later than fourteen (14) business days in advance but, at a minimum, the audit shall include whether Defendant have received any complaints about harassment or retaliation.  Any requested audit will be conducted at a mutually agreeable time and place.

H. <u>POSTING</u>

36. Defendant shall post a Notice to All Employees within five (5) days of entry of this Consent Decree. This Notice is attached as Exhibit A to this Consent Decree.  The Notice shall be conspicuously posted on a bulletin board at all Defendant's for the duration of the Consent Decree.

## VI.    <u>ENFORCEMENT</u>

37. If the EEOC determines that Defendant or its successors have not complied

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 23 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

DocuSign Envelope ID: 1F89EB44-7947-4528-B32C-CA09A22CE491

with the terms of this Consent Decree, the EEOC shall provide written notification of the alleged breach to Defendant or its successors.  The EEOC shall not petition the Court for enforcement of this Consent Decree for at least forty-five (45) days after providing written notification of the alleged breach.  The EEOC and Defendant or its successors shall utilize the 45-day period to engage in good-faith efforts to resolve the dispute.

## VII.    RETENTION OF JURISDICTION

38. The United States Court for the Eastern District of Washington shall dismiss this case with prejudice but retain jurisdiction over this matter for the duration of this Consent Decree for enforcement purposes.

## VIII.    DURATION AND TERMINATION

39. This Consent Decree shall be in effect for five (5) years from the date of entry of the Decree.  If the EEOC petitions the Court for breach of this Consent Decree, and the Court finds Defendant to be in violation of the terms of the Consent Decree, the Court may extend the duration of this Consent Decree.

DATED this 5th day of April, 2022.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

| | |
|---|---|
| ROBERTA STEELE<br>Regional Attorney | CHRISTOPHER LAGE<br>Deputy General Counsel |
| DAMIEN A. LEE<br>Supervisory Trial Attorney | GWENDOLYN YOUNG REAMS<br>Associate General Counsel |
| MAY R. CHE<br>Senior Trial Attorney | EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION |
| CLIVE PONTUSSON<br>Trial Attorney | Office of the General Counsel<br>131 "M" Street NE, 5th Floor<br>Washington, D.C. 20507 |

BY: *Roberta Steele*
Roberta Steele
Equal Employment Opportunity Commission
909 1st Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone (206) 576-3011
Facsimile (206) 220-6196

Attorneys for Plaintiff, EEOC

LEWIS BRISBOIS BISGAARD & SMITH LLP
Benjamin J. Stone
Hannah E. Driscoll
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
(206) 436-2020 / (206) 436-2030 Fax

BY: _____
Benjamin J. Stone
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
(206) 436-2020 / (206) 436-2030 Fax
Benjamin.Stone@lewisbrisbois.com

Attorney for Defendant, Air Control Heating & Air Conditioning

EEOC v. Air Control Heating & Air Conditioning
2:21-cv-00347-SAB
[PROPOSED] CONSENT DECREE
Page 25 of 25
4885-9761-3594.1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882